**Commonwealth v. Marsolino Coal and Coke Inc.**

*Ralph C. Worman*, for Commonwealth.
*George Mahfood*, for defendant.

FRANKS, *J.*, November 4, 1981—This matter is presently before the court on defendant's omnibus pre-trial motion whereby defendant seeks to suppress certain evidence and to quash the information. Defendant's motions under Pa.R.Crim.P. 323 are predicated on a claim that the destruction of this evidence deprived it of the use of potentially exculpatory evidence in violation of due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.*
· After a consideration of the evidence before us, we make the following

## FINDINGS OF FACT

1. James E. Ansell, Waterways Patrolman for the Pennsylvania Fish Commission, took four

---

*Because our decision will rest primarily on this issue, we will not reach defendant's claims that the Fish and Boat Code, 30 Pa.C.S.A. §2504(a)(2), is constitutionally deficient and that the search and seizure was violative of defendant's Fourth Amendment rights.

water samples from a small stream approximately 75 to 80 yards from defendant's strip mining site during a period from January 27, 1981 to January 31, 1981.

2. Mr. Ansell entered the property leased by defendant to obtain these samples without a search warrant, without the consent of defendant and without probable cause to believe that evidence of criminal activity was present on the property.

3. The water samples obtained by Mr. Ansell were sent to the Pittsburgh Laboratory of the Department of Environmental Resources for testing and analysis.

4. Based on the results of these tests and following the preliminary hearing on April 22, 1981, defendant was charged on June 15, 1981 in a one-count information with allowing "any substance deleterious, destructive or poisonous to fish, to be turned into or allowed to run, flow, wash or be emptied into the waters within or bordering this Commonwealth" in violation of section 2504(a)(2) of the Fish and Boat Code, 30 Pa.C.S.A. §2504(a)(2).

5. On June 22, 1981, defendant submitted to the Commonwealth an informal request for discovery and inspection in accordance with Pa.R.Crim.P. 305(A) and (B), which included a request for the water sample seized by Mr. Ansell on January 31, 1981.

6. Because it had been destroyed by the laboratory as a matter of routine procedure, the Commonwealth was unable to comply with defendant's request for production of the sample.

7. Pursuant to the filing of defendant's omnibus pre-trial motion, the Commonwealth was ordered by this court to file and answer to the motion within ten days of the order.

8. The Commonwealth did not file an answer to defendant's pre-trial motion within the time period specified in the order or at any time subsequent thereto.

9. A hearing on defendant's omnibus motion was held on September 1, 1981, at which time the assistant district attorney informed the court that no answer was filed because the order had been "completely overlooked."

10. Testimony at the hearing established that the results of the Department of Environmental Resources testing are not always completely accurate.

## DISCUSSION

After a review of the merits of defendant's motion and the relevant law thereon, this court concludes that the district attorney's office "overlooking" the court's order to file an answer to defendant's pre-trial motions and the destruction of the water sample require that the information be quashed in order to protect defendant's due process rights.

Defendant requests this court to accept as true all well-pleaded facts in the omnibus motion. This sanction is permitted by Pa.R.Crim.P. 308(a) which provides that: "Failure to file an answer shall not constitute an admission of well-pleaded facts averred in the motion unless an answer has been ordered by the court. Any answer shall be filed not later than seven days after service of the pre-trial motion, or within the time directed by the court." In the instant case, the Commonwealth was given ten days by this court within which to file an answer.

The clear and unambiguous language of Rule 308 establishes that where the court orders an answer to be filed to a pre-trial motion and the Com-

monwealth fails to comply with that order, this failure to so answer constitutes an admission of all well-pleaded facts. No additional requirements have been engrafted onto this rule. Defendant is not, for example, required to plead and prove specific prejudice resulting from the Commonwealth's failure to respond: Com. v. Pugh, 476 Pa. 445, 383 A. 2d 183 (1978). The reason offered by the Commonwealth for failing to comply with the court order does not constitute good cause so as to withhold imposition of the sanction. Lack of action by the Commonwealth requires that we rule that all well-pleaded facts contained in defendant's pretrial motion are admitted for purposes of suppression.

The second issue which concerns us involves the destruction by the Department of Environmental Resources Pittsburgh Laboratory of the water sample which was the basis for the information filed against defendant. Pursuant to Pa.R.Crim.P. 305(A) and (B), defendant filed a timely informal request for discovery and inspection of all tangible evidence, including the water sample. This request was made within 14 days of arraignment as required by Rule 305(A). The water sample could not be produced in the instant case because it had been systematically destroyed in acordance with laboratory policy. This suppression of tangible evidence occurred through no fault of the prosecution. We agree with defendant's contention that evidence of the water sample must be suppressed because of its highly probative and potentially exculpatory nature.

Support for our decision comes from two distinct sources. Pa.R.Crim.P. 305(E) permits the suppression of any evidence which a party failed to disclose

or to produce. Rule 305(B)(1) further provides for the mandatory production by the Commonwealth of all material tangible evidence which the defense requests. Additionally, the constitutional guarantees mandated in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny apply in this instance and require this result.

It would be virtually impossible to examine the plethora of cases which involve the issue of the suppression or destruction of evidence. The basis of these cases is Brady v. Maryland, supra, which announced the minimum due process requirements under the United States Constitution. As articulated by the Supreme Court, "the suppression by the prosection of evidence is material either to guilt or to punishment, irrespective of the good faith or the bad faith of the prosecution." Brady, at 87. This rule has been extended to cases involving the destruction of evidence: Com. v. Chapman, 255 Pa. Superior Ct. 265, 386 A. 2d 994 (1978).

Brady eliminated the good faith/bad faith dichotomy and shifted the focus of inquiry to the materiality of the undisclosed evidence. Thus, our determination cannot rest solely on the good faith of the prosecution and the circumstances surrounding the destruction of the sample. Our decision must be made upon an evaluation of the importance of the destroyed evidence in the context of the present state of the record.

In United States v. Agurs, 427 U.S. 97 (1976), the Supreme Court defines materiality as follows: "The proper standard of materiality must reflect our overriding concern with the justice of finding of guilt. Such a finding is permissible only if supported by evidence establishing guilt beyond a reasonable doubt. It necessarily follows that if the

omitted evidence creates a reasonable doubt that it did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record."

Obviously, in the instant case an examination of the "entire record" is not possible because the case has not as yet been tried. It is also clear that the one factor crucial to defendant—the usefulness of the destroyed evidence—cannot be ascertained because of the very nature of the loss.

Two cases, Com. v. Chapman, 255 Pa. Superior Ct. 265, 386 A. 2d 994 (1978) and Com. v. Whaley, 290 Pa. Superior Ct. 97, 434 A. 2d 147 (1981), provide some guidance in this area. In Chapman, the Superior Court evaluated every piece of missing evidence and concluded that, except for one item, appellant was not deprived of the usefulness of the evidence because of the existence of secondary sources, i.e., test reports and recorded observations. This evidence was available to prove or disprove appellant's account of the crime. In both Whaley and in Chapman, although the specific items of evidence required were not available, there was other evidence available by which defendant could pursue his objective. Because the other evidence provided the necessary corroboration, the missing evidence was found not to be "material" within the meaning of Brady.

The facts in the instant case are readily distinguishable from those in Chapman and Whaley. The fact which defendant seeks to establish by this evidence is incapable of proof by other means. The materiality of the destroyed water sample cannot be questioned. Its destruction has effectively precluded defendant from demonstrating whether the

sample was properly tested and the results accurately reported. Had it been preserved, there is a reasonable possibility that independent testing would have cast reasonable doubt on defendant's guilt. The evidence destroyed was known to be material and critical, and not merely incidental, to the issue of defendant's guilt. Moreover, it is inherently impossible for defendant to prove the exculpatory nature of this evidence because it no longer exists.

Our decision does not establish a per se rule that in every case defendant must be afforded the opportunity to independently test every object of tangible evidence. Our holding is limited to these facts where the destroyed evidence is the crux of the Commonwealth's case and where it is impossible to directly determine the probable effect of the destroyed evidence on the jury. Due process requires that defendant be provided with a reasonable period of time within which to examine material evidence if a request for such evidence is made in a timely fashion.

For these reasons, we make the following

## CONCLUSIONS OF LAW

1. That the Commonwealth's failure to file an answer to defendant's omnibus pre-trial motion as ordered by this court acts as an admission of well-pleaded facts in defendant's motion.

2. That the water sample was not destroyed by the Department of Environmental Resources Laboratory through the bad faith of the prosecution.

3. That the water sample is "material" within the meaning of Brady v. Maryland.

4. That the evidence of the water sample is inadmissible at trial.

## ORDER

And now, November 4, 1981, after a hearing, it is ordered and decreed that the pre-trial motion of defendant, Marsolino Coal and Coke, Inc., to suppress evidence of the water sample is granted and further, that the information is hereby quashed.